# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OSCAR MARQUEZ,

      Petitioner,

v.                                       No. 20-cv-0543 JCH-GBW
                                             12-cr-2527 JCH-GBW

UNITED STATES OF AMERICA,

      Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Oscar Marquez's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (Motion) (CR Doc. 82; CV Doc. 1).   Marquez is incarcerated and proceeding *pro se*.   He challenges his firearm conviction on the ground that Hobbs Act Robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c).   Having reviewed the criminal record and applicable law, the Court finds such relief is unavailable but will grant leave to amend.

## BACKGROUND

In 2012, Marquez committed a series of armed robberies in Albuquerque, New Mexico. (CR Doc. 43 at 3-4).   He pled guilty to four counts of Hobbs Act Robbery (18 U.S.C. § 1951(a)) and using a gun during a crime of violence (18 U.S.C. § 924(c)).   (CR Doc. 43).   By an Amended Judgment entered July 12, 2013, the Court sentenced him to twenty years in prison.   (CR Doc. 71). Plaintiff did not file a direct appeal, in accordance with the waiver in the Plea Agreement.   The Judgment became final no later than July 27, 2013, following the expiration of the 14-day appeal period.   *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of

appeal in a criminal case must be filed within fourteen days after the entry of judgment).

Marquez is currently incarcerated at USP Atwater in California.   He filed the instant Motion on June 4, 2020.   (CR Doc. 82).   He also filed a Memorandum in Support of the Motion (CV Doc. 2), in which he expands on his argument and seeks the appointment of counsel.   The matter is ready for initial review under Habeas Corpus Rule 4.   The Court will determine whether the Motion raises a colorable legal claim before considering his request to appoint counsel.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4(b) and 28 U.S.C. § 2255.   Rule 4 requires the Court to *sua sponte* dismiss any § 2255 motion where it plainly appears from the arguments and "the record of prior proceedings that the moving party is not entitled to relief." Habeas Corpus Rule 4(b).   Section 2255 requires district courts to vacate a federal conviction or sentence if it violates "the Constitution or laws of the United States."   28 U.S.C. § 2255.   Marquez argues his 18 U.S.C. § 924(c) conviction is invalid under *U.S. v. Davis*, 139 S. Ct. 2319 (2019).

Section 924(c) mandates a distinct penalty for a person who uses or carries a firearm during a crime of violence.   Such penalty must be imposed in addition to, and run consecutively with, the sentence for the underlying violent crime.   *See Dean v. United States*, 137 S.Ct. 1170, 1174 (2017);18 U.S.C. § 924(c)(1)(D)(ii).   Section 924(c) contains two alternative definitions of "crime of violence" known as the "Elements Clause" and the "Residual Clause."   The Elements Clause defines "crime of violence" to include crimes where the defendant uses or threatens to use physical force against the person or property of another.   18 U.S.C. § 924(c)(3)(A).   The Residual Clause criminalizes the use of a firearm in connection with any "crime of violence … involv[ing] a *substantial risk* of physical force."   18 U.S.C. § 924(c)(3)(B) (emphasis added).

2

*Davis* found the latter definition, *i.e.,* the Residual Clause, to be unconstitutionally vague. 139 S. Ct. at 2326.   Such definition required judges to "estimate[e] of the degree of risk posed by a crime's imagined 'ordinary case," which produces inconsistent results.   *Id.   Davis* is an extension of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated an identical residual clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)).   "[A]fter *Davis*, [a petitioner's] § 924(c) conviction can only be upheld if the predicate offense" constitutes a crime of violence under the Elements Clause.   *United States v. Rayford*, 840 Fed. App'x 393 (10th Cir. 2021); *see also United States v. Deiter*, 890 F.3d 1203, 1211 (10th Cir. 2018) (holding that, even if a defendant is erroneously convicted under the Residual Clause, that error "would have no legal significance" and is "harmless as a matter of law" if the defendant could have been validly convicted under the Elements Clause).

Marquez's § 924(c) firearm conviction is predicated on Hobbs Act Robbery (18 U.S.C. § 1915(a)).   The Tenth Circuit holds that Hobbs Act Robbery is "categorically" a crime of violence under the Elements Clause.   *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065-66 (10th Cir. 2018)).   The Tenth Circuit has reaffirmed this rule on many occassions, even after the Supreme Court issued *Davis*.   *See, e.g., United States v. Myers*, 786 Fed. App'x 161, 162 (10th Cir. 2019) (rejecting *Davis* claim because petitioner's predicate offense, Hobbs Act Robbery, qualfies as a violent crime under § 924(c)'s Elements Clause); *United States v. Toki*, 822 Fed. App'x 848, 853 (10th Cir. 2020) (same); *United States v. Hendrickson*, 2020 WL 7310989, at *2 (10th Cir. Dec. 11, 2020) (same); *United States v. Kayarath*, 822 Fed. App'x 786, 789 (10th Cir. 2020) (same); *United States v. Myers*, 786 Fed. App'x 161, 162 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1288 (2020) (same).   Based on this authority, Marquez cannot prevail on his *Davis* claim.

3

Hobbs Act Robbery is a crime of violence under § 924(c)'s Elements Clause, and Marquez's § 924(c) conviction is valid, notwithstanding the fact that *Davis* invalidated § 924(c)'s defective Residual Clause.

Marquez also appears to argue that, even if his conviction would be valid under § 924(c)'s Elements Clause, the Court in fact relied on the defective Residual Clause.   The Tenth Circuit has addressed this argument in the context of *Johnson* and ACCA's identical residual clause.   *See United States v. Washington,* 890 F.3d 891, 896 (10th Cir. 2018).   While relief may be available in some circumstances, "the burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—…that the sentencing court used the residual clause." *Id.*   Such showing would be difficult, if not impossible, based on the current record.   As noted above, the Elements Clause requires that the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   *Rayford*, 840 Fed. App'x at 393 (quoting 18 U.S.C. § 924(c)(3)(A)).   The Indictment and Information both track this language.   They allege Marquez unlawfully obtained money from various store clerks "by means of actual and threatened force, violence, and fear of injury to their person."   (CR Docs. 2, 40).   Marquez pled guilty to these allegations and admits in the Plea Agreement that "the threat of violence which accompanied each of these robberies" impacted interstate commerce.   (CR Doc. 43 at 4).   The Presentence Investigation Report (PSR) likewise reflects that "[d]uring the course of the robberies, [Marquez] used a weapon to demand money, intimidated store clerks, and threatened potential harm to them."   These documents do not mention the violence involved a "substantial risk" of force or otherwise indicate Marquez's § 924(c) conviction relies on the invalid Residual Clause.   Marquez is therefore not entitled to relief under *Davis*.

4

Alternatively, even if *Davis* relief was available, the Court would still deny Marquez's Motion.   As part of his plea, Marquez "waive[d] any collateral attacked to the … conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering th[e] plea or … waiver."   (CR Doc. 43 at 8).   The Motion does not address counsel's performance, and Marquez's *Davis* claim is waived.

For all of these reasons, the Court finds the Motion does not survive initial screening under Habeas Corpus Rule 4.   Ordinarily, § 2255 Motions that fail to survive review are dismissed with prejudice.   *See* Habeas Corpus Rule 4.   Here, however, Marquez seeks the appointment of counsel and suggests he may intend to amend his claim.   (CV Doc. 2).   Courts generally only appoint habeas counsel where such action is justified by "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."   *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, and because Marquez's *Davis* claim fails as a matter of law, the Court is not persuaded habeas counsel should be appointed.   The Court will instead permit Marquez to amend his petition within thirty (30) days of entry of this Order, to ensure all claims are considered.

Marquez is warned that, while a meritorious *Davis* claim would have triggered a new one-year statute of limitations, any other habeas claims are likely time-barred.   *See* 28 U.S.C. § 2255(f). The one-year period expired no later than July 27, 2014.   *Id.*   Aside from new Supreme Court law, a later one-year period is only triggered where: (1) unlawful government action prevents a timely filing; (2) the petitioner could not discover the facts supporting his claim through the exercise of due diligence; or (3) the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."   *Marsh*

*v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *see also* 28 U.S.C. § 2255(f)(2)-(4).   Any amended filing that raises a non-*Davis* claim must address the time-bar and show cause, if any, why the amended claims should not be dismissed as untimely.   If Marquez declines to amend or files another pleading that fails to survive initial review/fails to address the time-bar, the Court will dismiss the Motion without further notice.

**IT IS ORDERED** that Marquez's Motion to Appoint Counsel (**CV Doc. 2**) is **DENIED**; but Marquez may file an amended § 2255 motion within thirty (30) days of entry of this ruling.

_____
SENIOR UNITED STATES DISTRICT JUDGE