THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR MARQUEZ,

    Petitioner,

v.                                                                         No. 20-cv-0543 JCH-GBW
                                                                                      12-cr-2527 JCH-GBW

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Oscar Marquez's failure to amend his *pro se* Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (Motion) (CR Doc. 82; CV Doc. 1). In his original Motion, he challenged his firearm conviction on the ground that Hobbs Act Robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c). The Court rejected this argument but granted Marquez's request to amend. Because Marquez failed to comply, and having reviewed the record, the Court will dismiss the Motion with prejudice.

**BACKGROUND**

In 2012, Marquez committed a series of armed robberies in Albuquerque, New Mexico. (CR Doc. 43 at 3-4). He pled guilty to four counts of Hobbs Act Robbery (18 U.S.C. § 1951(a)) and using a gun during a crime of violence (18 U.S.C. § 924(c)). (CR Doc. 43). By an Amended Judgment entered July 12, 2013, the Court sentenced him to twenty years in prison. (CR Doc. 71). Plaintiff did not file a direct appeal, in accordance with the waiver in the Plea Agreement. The Judgment became final no later than July 27, 2013, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of

appeal in a criminal case must be filed within fourteen days after the entry of judgment).

Marquez is currently incarcerated at USP Atwater in California. He filed the instant Motion on June 4, 2020. (CR Doc. 82). He also filed a Memorandum in Support of the Motion (CV Doc. 2), in which he expands on his argument and seeks the appointment of counsel. By a Memorandum Opinion and Order entered July 26, 2022, the Court screened the Motion pursuant to Habeas Corpus Rule 4 and determined it fails to state a claim. (CV Doc. 3). The Court also denied Marquez's request to appoint counsel but, to ensure consideration of all potential claims, granted leave to amend. The amendment deadline was August 26, 2022. Marquez did not respond or comply. The Court will therefore deny the Motion with prejudice, as set forth below.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4(b) and 28 U.S.C. § 2255. Rule 4 requires the Court to *sua sponte* dismiss any § 2255 motion where it plainly appears from the arguments and "the record of prior proceedings that the moving party is not entitled to relief." Habeas Corpus Rule 4(b). Section 2255 requires district courts to vacate a federal conviction or sentence if it violates "the Constitution or laws of the United States." 28 U.S.C. § 2255. In his original Motion, Marquez argues his 18 U.S.C. § 924(c) conviction is invalid under *U.S. v. Davis*, 139 S. Ct. 2319 (2019).

Section 924(c) mandates a distinct penalty for a person who uses or carries a firearm during a crime of violence. Such penalty must be imposed in addition to, and run consecutively with, the sentence for the underlying violent crime. *See Dean v. United States*, 137 S.Ct. 1170, 1174 (2017); 18 U.S.C. § 924(c)(1)(D)(ii). Section 924(c) contains two alternative definitions of "crime of violence" known as the "Elements Clause" and the "Residual Clause." The Elements Clause

defines "crime of violence" to include crimes where the defendant uses or threatens to use physical force against the person or property of another.  18 U.S.C. § 924(c)(3)(A).  The Residual Clause criminalizes the use of a firearm in connection with any "crime of violence … involv[ing] a *substantial risk* of physical force."  18 U.S.C. § 924(c)(3)(B) (emphasis added).

*Davis* found the latter definition, *i.e.,* the Residual Clause, to be unconstitutionally vague. 139 S. Ct. at 2326.  Such definition required judges to "estimate[e] of the degree of risk posed by a crime's imagined 'ordinary case," which produces inconsistent results.  *Id.*  *Davis* is an extension of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated an identical residual clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)).  "[A]fter *Davis*, [a petitioner's] § 924(c) conviction can only be upheld if the predicate offense" constitutes a crime of violence under the Elements Clause.  *United States v. Rayford*, 840 Fed. App'x 393 (10th Cir. 2021).

As previously explained, Marquez's § 924(c) firearm conviction is predicated on completed Hobbs Act Robbery (18 U.S.C. § 1915(a)).  The Tenth Circuit holds that completed Hobbs Act Robbery is "categorically" a crime of violence under the Elements Clause.  *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065-66 (10th Cir. 2018)).  The Tenth Circuit has reaffirmed this rule on many occassions, even after the Supreme Court issued *Davis*.  *See, e.g., United States v. Myers*, 786 Fed. App'x 161, 162 (10th Cir. 2019) (rejecting *Davis* claim because petitioner's predicate offense, Hobbs Act Robbery, qualfies as a violent crime under § 924(c)'s Elements Clause); *United States v. Toki*, 822 Fed. App'x 848, 853 (10th Cir. 2020) (same); *United States v. Hendrickson*, 2020 WL 7310989, at *2 (10th Cir. Dec. 11, 2020) (same); *United States v. Kayarath*, 822 Fed. App'x 786, 789 (10th Cir. 2020) (same); *United States v. Myers*, 786 Fed. App'x 161,

162 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1288 (2020) (same). Based on this authority, Marquez cannot prevail on his *Davis* claim. Completed Hobbs Act Robbery is a crime of violence under § 924(c)'s Elements Clause, and Marquez's § 924(c) conviction is valid, notwithstanding the fact that *Davis* invalidated § 924(c)'s defective Residual Clause.

The original Motion also argues that, even if the conviction would be valid under § 924(c)'s Elements Clause, the Court in fact relied on the defective Residual Clause. The Tenth Circuit has addressed this argument in the context of *Johnson* and ACCA's identical residual clause. *See United States v. Washington,* 890 F.3d 891, 896 (10th Cir. 2018). While relief may be available in some circumstances, "the burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—…that the sentencing court used the residual clause." *Id.* The current record does not support this showing, and Marquez did not provide any supplemental information in an amendment. As noted above, the Elements Clause requires that the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Rayford*, 840 Fed. App'x at 393 (quoting 18 U.S.C. § 924(c)(3)(A)). The Indictment and Information both track this language. They allege Marquez unlawfully obtained money from various store clerks "by means of actual and threatened force, violence, and fear of injury to their person." (CR Docs. 2, 40). Marquez pled guilty to these allegations and admits in the Plea Agreement that "the threat of violence which accompanied each of these robberies" impacted interstate commerce. (CR Doc. 43 at 4). The Presentence Investigation Report (PSR) likewise reflects that "[d]uring the course of the robberies, [Marquez] used a weapon to demand money, intimidated store clerks, and threatened potential harm to them." These documents do not mention the violence involved a "substantial risk" of force or otherwise

4

indicate Marquez's § 924(c) conviction relies on the invalid Residual Clause.  Marquez is therefore not entitled to relief under *Davis*.

Finally, the Court notes that even if *Davis* relief was available, the Court would still deny Marquez's Motion.  As part of his plea, Marquez "waive[d] any collateral attacked to the … conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering th[e] plea or … waiver."  (CR Doc. 43 at 8).  The original Motion does not address counsel's performance, and Marquez's *Davis* claim is waived.

For all of these reasons, and because Marquez failed to amend his claim as directed, the Court finds the § 2255 claims fail to survive initial review under Habeas Corpus Rule 4.  The Court will dismiss the Motion with prejudice.  The Court will also deny a certificate of appealabilty under Habeas Corpus Rule 11, as the dismissal is not reasonably debateable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Oscar Marquez's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (CR Doc. 82; CV Doc. 1) is **DISMISSED with prejudice**; and a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE